UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

DAVID LAFRANCE,　　　　　　　　　　　　C.A.NO. 22-cv- 10099

　　Plaintiff

v.

CITY OF FALL RIVER, JEFFREY CARDOZA, alias,
MICHAEL PESSOA, alias, THOMAS ROBERTS, alias,　　**JURY TRIAL DEMANDED**
ANDRE DEMELO, alias, SEAN AGUIAR, alias,
FALL RIVER POLICE DEPARTMENT

　　Defendants.

## COMPLAINT

### Introductory Statement

1. This civil action is brought by the Plaintiff David Lafrance ("Plaintiff Lafrance") seeking declaratory judgment and compensatory and punitive damages for acts and/or omissions of Defendants in violation of Plaintiff's rights to (i) due process under the Fifth Amendment to the United States Constitution and (ii) freedom from excessive force, and unreasonable searches and seizure under the Fourth and Fourteenth Amendments to the United States Constitution, both actionable pursuant to 42 U.S.C. Sec. 1983, under Article XIV of the Massachusetts Declaration of Rights, under M.C.R.A. c. 12 Secs. 11(H) and 11(I), and under the common law of the Commonwealth of Massachusetts.

2. This action stems from the Defendant police officers' assault on Plaintiff Lafrance while he was in their custody outside of his home on February 12, 2019.

3. Defendants detained Plaintiff Lafrance and then brutally beat him and then charged him with assault and battery with a dangerous weapon; disorderly conduct; disturbing the peace; threat to commit a crime; assault on a police officer; and resisting arrest.

4. During the beating, Defendant Pessoa punched Plaintiff Lafrance in the head/face while he was surrounded by the other three (3) police officers. They then dragged him to their police car and continued to beat him.

5. Later, Defendant Pessoa authored a police report under the pains and penalties of perjury in which he outlined facts in an effort to substantiate several criminal charges brought against Plaintiff Lafrance.

6. Unfortunately for the Defendant Police Officers, there was a video of what happened that night which was delivered to the Bristol County District Attorneys' Office during the prosecution of Plaintiff Lafrance.

7. Ultimately, the grand jury indicted Defendant Pessoa of several criminal charges, including without limitation, filing false police reports and assault.

8. Upon information and belief, during the grand jury proceeding, Defendant Aguiar and Defendant Thomas both admitted that they lied in their reporting of the events that night and were granted immunity in exchange for their testimony against Defendant Pessoa.

9. Defendant Demelo resigned from the Fall River Police Department shortly after the investigation into their wrongdoings commenced.

10. This Complaint further alleges that the individual Defendants committed these constitutional violations and torts as a result of the policies, customs, training, supervision, punishment or lack thereof on the part of the Fall River Police Department (at times the "Police Department").

## II. Parties

11. Plaintiff David Lafrance ("Plaintiff Lafrance") was at all times relevant to this Complaint a resident of the Commonwealth of Massachusetts.

12. Defendant City of Fall River ("Defendant City") is a municipal corporation duly authorized and organized under the laws of the Commonwealth of Massachusetts and is sued by and through its Mayor, the Honorable Paul Coogan.

13. Defendant Jeffrey Cardoza ("Defendant Cardoza") is sued individually and at all relevant times was acting under color of state law.

14. Defendant Michael Pessoa ("Defendant Pessoa") is sued individually and at all relevant times was acting under color of state law.

15. Defendant Andre Demelo ("Defendant Demelo") is sued individually and at all relevant times was acting under color of state law.

16. Defendant Sean Aguiar ("Defendant Aguiar") is sued individually and at all relevant times was acting under color of state law.

17. Defendant Thomas Roberts ("Defendant Roberts") is sued individually and at all relevant times was acting under color of state law.

18. Defendant Fall River Police Department ("Police Department") is a municipal corporation duly authorized and organized under the laws of the Commonwealth of Massachusetts.

[Defendant Pessoa, Defendant Demelo, Defendant Aguiar and Defendant Roberts collectively referred to at times as "Defendant Officers"]

[Defendant Officers, Defendant Cardoza, Defendant City and Defendant Police Department collectively referred to at times as "Defendants"]

### III. Jurisdiction

19. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331, 1343, 1367, 2201 and 2202.

### IV. Venue

20. Venue is proper in this Court since, on information and belief, all of the Defendants reside or may be found in the Commonwealth of Massachusetts in compliance with the requirements set forth in 28 U.S.C. Sec. 1391. Venue is proper because a substantial part of the events and omissions giving rise to these claims occurred in the Commonwealth of Massachusetts.

### V. Material Facts

21. Plaintiff Lafrance has lived in Fall River, Massachusetts for most if not all of his adult life.
22. At the time of the illegal arrest and assault, Plaintiff Lafrance was fifty-seven (57) years old.
23. On February 12, 2019, Plaintiff Lafrance was at his home located at 554 South Main Street, Fall River, Massachusetts.
24. Defendant Officers responded to a call involving Plaintiff Lafrance regarding a neighbor dispute.
25. When Defendant Officers arrived, Plaintiff Lafrance was outside of his apartment complex.
26. Defendant Officers went into the stairwell of the apartment complex.
27. Two of Defendant Officers came back outside to speak with Plaintiff Lafrance.

28. While speaking with Plaintiff Lafrance, two of the Defendant Officers decided to handcuff Plaintiff Lafrance's hands behind his back and then pat frisked him.

29. Shortly thereafter, the two other Defendant Officers came outside.

30. One handcuff was taken off of Plaintiff Lafrance while all of the Defendant Officers surrounded him.

31. Defendant Pessoa then approached Plaintiff Lafrance and punched him in the face/head without justification knocking him to the ground.

32. Defendant Officers then dragged Plaintiff Lafrance to a police car where they continued to assault and beat him.

33. Defendant Pessoa then authored a Narrative wherein he stated (in pertinent part) <u>*under the pains and penalty of perjury*</u> the following:

**Officer DeMelo stated he was forced to handcuff Lafrance because of his uncooperative behavior. Dispatch had mentioned to us prior that the male outside (Lafrance) while not seen with a gun, is known to possess one. Officer DeMelo explained that he attempted to pat frisk Lafrance for safety reasons but when he was uncooperative, he placed him in handcuffs also for safety purposes. A pat frisk was eventually conducted with no weapons found.**

**Officer Roberts now attempted to speak to Lafrance who continued with his disrespectful and threatening behavior. Lafrance then stated, "I'm not talking to you anymore, let me go." As Lafrance was being uncuffed, he looked at me and stated, "look up my name bitch, you'll see what I'm about." I then asked Lafrance what that meant, when he stated, "watch when this handcuff comes off and I punch you all in the face" It should be noted Lafrance at this point had one handcuff removed but still had one handcuff on. I did not take that threat of physical violence towards me lightly and Lafrance was immediately taken to the ground via arm bar by Officer Roberts and I. He was subsequently re handcuffed and told he was under arrest. After being taken to the ground, Lafrance refused to follow commands to place his hands behind his back and I could feel his body tightening up, but he was quickly overpowered by Officer Roberts and I and he was subsequently handcuffed. Officer Aguiar and Officer DeMelo assisted in restraining and handcuffing Lafrance. It should be noted that Lafrance was face down on the pavement during the incident, which appeared to cause a minor cut to his lip. After Lafrance was handcuffed, prior to standing him up, we attempted to**

**control his person and conduct a pat frisk, but Lafrance was making that difficult by refusing to allow us to turn his body, leading to a longer struggle on the ground. Officer DeMelo applied a wrist lock on Lafrance in order to assist in controlling him. Officer Aguiar helped control Lafrance by restraining his legs. Once we completed frisking Lafrance he was brought to his feet and escorted to a cruiser.**

34. Plaintiff Lafrance was charged criminally with several crimes committed against the Defendant Officers including (1) Threat to Commit a Crime; (2) Assault; and (3) Resisting Arrest.

35. Plaintiff Lafrance was arraigned in the Fall River District Court on February 13, 2019.

36. Unfortunately for Defendant Officers, there was a surveillance camera recording the actual events that took place that night as referenced above.

37. The recording of the actual events was delivered to the Bristol County District Attorneys' Office ("DA Office") on March 14, 2019.

38. After several requests that the DA Office dismiss the charges against Plaintiff Lafrance immediately, the DA Office did not dismiss the charges until June 28, 2019 (over three months after the evidence of his innocence was delivered to the DA Office and over four months after Officer Pessoa authored the false police report and charged Plaintiff Lafrance with several crimes).

39. Effectively, the DA Office and the Police Department allowed Plaintiff Lafrance to remain on bail with criminal charges pending for over three (3) months even though both entities knew that they could not prove the charges against him.

40. Upon information and belief, Defendant Pessoa and Defendant Demelo were co-defendants in a similar excessive force lawsuit that recently settled stemming from a man who suffered a broken tibia and other injuries during a 2014 arrest.

41. Upon information and belief, the plaintiff in that case, Carlos Roldan, is one of the victims in the below-referenced indictment filed against Defendant Pessoa.

42. Upon information and belief, Defendant Pessoa also brutally beat a Fall River man (Luke Raffa) in 2019 while at the Police Department.

43. Upon information and belief, Mr. Raffa is one of the victims in the below-referenced indictment filed against Defendant Pessoa.

44. Upon information and belief, Defendant Pessoa also brutally beat another Fall River man (Aliecer Rodriguez) in 2018.

45. Upon information and belief, Mr. Rodriguez is one of the victims in the below-referenced indictment filed against Defendant Pessoa.

46. Ultimately, a grand jury indicted Defendant Pessoa of several criminal charges regarding the above-referenced victims including (1) Aggravated Assault & Battery with a Dangerous Weapon; (2) Civil Rights Violation with Bodily Injury; (3) Intimidation of a Witness; and (4) False Report by Public Officer.

47. Upon information and belief, the DA Office offered and immunity was granted to Defendant Roberts and Defendant Aguiar in exchange for their testimony before the grand jury in which they admitted to filing false police reports in connection with the beating of Plaintiff Lafrance.

48. Upon information and belief, Defendant DeMelo resigned from the Police Department.

49. Defendant Pessoa was arraigned on the aforementioned charges on June 27, 2019 and his case is now pending.

50. The unfortunate assault of Plaintiff Lafrance should have and/or would have been avoided if the Defendant City/Police Department had adequately trained, supervised

audited and/or disciplined the Defendant Officers before and/or after their previous transgressions about which the Defendant City/Police Department had actual knowledge.

51. Defendant City failed to ensure that Defendant Officers were properly trained, supervised, audited and/or disciplined to ensure they were acting pursuant to Police Department policies while in the course of their employment as police officers with the Police Department.

52. Ultimately, Plaintiff Lafrance was forced to endure criminal prosecution for over three (3) months. Plaintiff Lafrance maintained his innocence throughout the criminal process and was ultimately exonerated. However, the damage done to Plaintiff Lafrance, both physically and emotionally, had already been done.

## Individual, Municipal and State Liability

53. Upon information and belief, Defendant Officers were part of the Fall River Police Department on February 12, 2019.

54. Upon information and belief, the Defendant City failed to properly select, train, instruct, supervise audit and/or discipline officers employed by the Fall River Police Department, including Defendant Officers, relative to the rights provided by the Fourth Amendment to the United States Constitution to be free from the imposition of excessive force.

55. Defendant Officers knew or should have known that it was an unlawful violation of his constitutional rights to seize Plaintiff Lafrance and to beat him with sufficient force to severely injure him.

56. Defendant Officers knew or should have known that it was an unlawful violation of Massachusetts law and Police Department policy to detain Plaintiff Lafrance in handcuffs and then punch him in the face and then lie about these acts on their police reports.

57. Supervisors and others responsible for training, supervision, instruction, auditing and/or discipline for Defendant City failed to perform their duties with respect to training, supervising, instructing, auditing and/or disciplining Defendant Officers for these same acts/crimes which had occurred prior to the assault on Plaintiff Lafrance.

58. Defendant City knew or should have known that it was an unlawful violation of Plaintiff Lafrance's constitutional rights and/or the common law of the Commonwealth of Massachusetts for Defendant Officers to take the actions taken as referenced above and to prosecute Plaintiff Lafrance without probable cause, which was distinctly lacking in this case.

### Intentional Conduct

59. At all relevant times, Defendants acted intentionally, willfully, maliciously, and/or with deliberate, reckless, or callous indifference to Plaintiff Lafrance's clearly established constitutional rights.

60. At all relevant times, Defendants were motivated by malice, wantonness and/or willfulness of an extreme nature.

### Harm and Damages

61. As a direct and proximate result of Defendants' acts and/or omissions, including but not limited to those described herein, Plaintiff Lafrance has suffered deprivation of his state and federal constitutional rights.

62. As a direct and proximate result of Defendants' acts and/or omissions, including but not limited to those described herein, Plaintiff Lafrance has suffered and will continue to suffer mental anguish, personal injury, pain and suffering, injury to reputation, damage to

personal property, impairment of rights to be free from unreasonable searches and seizures, deprivation of his civil rights, expenses for legal services, and other considerable damage.

## VI. CLAIMS FOR RELIEF

63. Plaintiff incorporates in the counts below the allegations contained in paragraphs one (1) through sixty-two (62) above.

### COUNT 1

### Violation of Right to Freedom From Excessive Force, Unreasonable Search and Unreasonable Seizure Under 42 U.S.C. Sec. 1983

64. Defendants, acting under the color of state law, by their individual and/or concerted acts and/or omissions, including but not limited to those described herein, have violated Plaintiff Lafrance's right to be free from unreasonable search and seizure by, *inter alia*, using excessive force, and unreasonable and unjustified force against Plaintiff Lafrance and arresting and imprisoning Plaintiff Lafrance, charging him with multiple offenses, and prosecuting him, all without probable cause, causing Plaintiff Lafrance to suffer harm as aforesaid, and have thereby deprived Plaintiff Lafrance of rights secured under the Fourth and Fourteenth Amendments to the United States Constitution actionable pursuant to 42 U.S.C. Sec. 1983.

### COUNT 2

**Violation of Right to Freedom From Excessive Force, Unreasonable Search and Unreasonable Seizure Under Article XIV of the Massachusetts Declaration of Rights, the Massachusetts Civil Rights Statute, M.G.L. c. 12 Secs. 11H and 11I, and under the common law of the Commonwealth of Massachusetts.**

65. Defendants, acting under the color of state law, by their individual and/or concerted acts and/or omissions, including but not limited to those described herein, have violated Plaintiff Bird's right to be free from unreasonable search and seizure by, *inter alia*, using excessive force, and unreasonable and unjustified force against Plaintiff Lafrance and arresting and imprisoning Plaintiff Lafrance, charging him with multiple offenses, and prosecuting him, all without probable cause, causing Plaintiff Lafrance to suffer harm as aforesaid, and have thereby deprived Plaintiff Lafrance of rights secured under Article XIV of the Massachusetts Declaration of Rights, under the Massachusetts Civil Rights Statute, M.G.L. c. 12 Secs. 11H and 11I, and under the common law of the Commonwealth of Massachusetts.

## COUNT 3

**Malicious Prosecution in Violation of the Fourth, Fifth and Fourteenth Amendments and 42 U.S.C. Sec. 1983**

66. Defendants, acting under the color of state law, by their individual and/or concerted acts and/or omissions, including but not limited to those described herein, maliciously caused criminal charges to be brought and prosecuted against Plaintiff Lafrance, without probable cause and with malice, causing Plaintiff Lafrance to suffer harm as aforesaid, and have thereby deprived Plaintiff Lafrance of rights secured under the Fourth, Fifth and/or Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. Sec. 1983.

## COUNT 4

### Common Law Assault

67. Defendant Officers, by their individual and/or concerted acts and/or omissions, including but not limited to those described herein, placed Plaintiff Lafrance in reasonable fear of imminent bodily harm, and thereby committed an assault upon Plaintiff Lafrance, thereby causing Plaintiff Lafrance to suffer harm as aforesaid.

## COUNT 5

### Common Law Battery

68. Defendant Officers, by their individual and/or concerted acts and/or omissions, including but not limited to those described herein, intended to cause and in fact caused a harmful and offensive touching of and trauma upon Plaintiff Lafrance's body without consent or privilege, and thereby committed a battery upon Plaintiff Lafrance, thereby causing Plaintiff Lafrance to suffer harm as aforesaid.

## COUNT 6

### Common False Arrest

69. Defendants, by their individual and/or concerted acts and/or omissions, including but not limited to those described herein, detained and/or arrested Plaintiff Lafrance without probable cause and with no other legal justification, thereby causing Plaintiff Lafrance to sustain harm as aforesaid.

## COUNT 7

### Common Law Malicious Prosecution

70. Defendants, by their individual and/or concerted acts and/or omissions, including but not limited to those described herein, maliciously caused criminal charges to be brought and prosecuted against Plaintiff Lafrance, without probable cause and with malice, in violation of the common law of the Commonwealth of Massachusetts, causing Plaintiff Lafrance to suffer harm as aforesaid.

### COUNT 8

### Municipal/Supervisor Liability

71. Defendant City and Defendant Cardoza caused Plaintiff Lafrance to suffer harm because of its failure, omissions and/or deliberate indifference to ensure that Defendant Officers were properly trained, certified, supervised, disciplined and/or audited to ensure they were acting pursuant to policies of Defendant City and/or Police Department while in the course of their employment as police officers.

### VII. PRAYERS FOR RELIEF

72. Plaintiff incorporates in the counts below the allegations contained in paragraphs one (1) through seventy-one (71) above.

73. WHEREFORE, Plaintiff respectfully requests from this Honorable Court a declaratory judgment that the Defendants, in the manner described herein, violated the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, Article XIV of the Massachusetts Declaration of Rights, and/or the Massachusetts Civil Rights Statute, M.G.L. c. 12 Secs. 11H and 11I by violating Plaintiff Lafrance's right to be free from unreasonable search and seizure, and maliciously prosecuted him in violation of the

Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the common law of the Commonwealth of Massachusetts and under Article XIV of the Massachusetts Declaration of Rights, and/or the Massachusetts Civil Rights Statute, M.G.L. c. 12 Secs. 11H and 11I.

74. WHEREFORE, Plaintiff respectfully requests from this Honorable Court permanent injunctions requiring the Commonwealth of Massachusetts and Defendant City to seal and destroy the records derived from Plaintiff Lafrance's unlawful arrest, including all photographs, fingerprints and other identification or descriptive information.

75. WHEREFORE, Plaintiff respectfully requests from this Honorable Court an award of compensatory damages under, *inter alia*, M.C.R.A.c. 12 Sec. 11(I).

76. WHEREFORE, Plaintiff respectfully requests from this Honorable Court an award of punitive damages, *inter alia*, under M.C.R.A.c. 12 Sec. 11(I).

77. WHEREFORE, Plaintiff respectfully requests from this Honorable Court an award of reasonable attorney's fees and costs of litigation to Plaintiff Bird pursuant to 42 U.S.C. Sec. 1988 and under under M.C.R.A.c. 12 Sec. 11(I).

78. WHEREFORE, Plaintiff respectfully requests from this Honorable Court such other and further relief as this Court deems just and proper.

## VIII. DEMAND FOR JURY TRIAL

79. Plaintiff Lafrance hereby demands a trial by jury on all counts so triable.

## VII. DESIGNATION OF TRIAL COUNSEL

80. Plaintiff Lafrance designates Carl J. Ricci, Esq. as trial counsel.

Plaintiff, David Lafrance

By his attorney,

/s/ Carl J. Ricci

---

Carl J. Ricci, Esq. BBO# 668318
The Law Offices of Carl J. Ricci, Inc.
24 South Angell Street
Providence, RI 02906
Phone: (401) 743-5444
Fax: (401) 455-1500
carl@criccilaw.com
Date: January 25, 2022