UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No.: 1:22-cv-10099-DJC

DAVID LAFRANCE,

    Plaintiff,

    v.

CITY OF FALL RIVER, JEFFREY CARDOZA, alias, MICHAEL PESSOA, alias, THOMAS ROBERTS, alias, ANDRE DEMELO, alias, SEAN AGUIAR, alias, FALL RIVER POLICE DEPARTMENT,

    Defendants

### JOINT STATEMENT REGARDING STATUS OF PARALLEL CRIMINAL CASE AND REQUEST TO CONTINUE STAY OF CIVIL DISCOVERY

**I.    STATUS OF STATE CRIMINAL CASE AND REQUEST TO CONTINUE STAY OF DISCOVERY UNTIL AFTER THE RESOLUTION OF DEFENDANT PESSOA'S CRIMINAL TRIAL**

The parallel criminal trial in Bristol County Superior Court has been rescheduled from October 5, 2022, to January 17, 2023. As a result, the parties request that this Honorable Court continue the stay of civil discovery until after the resolution of the criminal matter.

In sum, the present civil action is based on the Plaintiff's allegations that police officers for the City of Fall River, including Defendant Michael Pessoa, subjected him to excessive force and false arrest, among other things. Pessoa has been charged criminally and there is a complete overlap in the allegations and facts of his criminal case and the present civil action.

The parties request a continuance of the stay of discovery because it will preserve resources, make discovery more efficient, will not ultimately delay the adjudication of this case,

1

and the outcome of the criminal case may have an impact on this civil case. Allowing discovery to begin after the resolution of the parallel criminal case will preserve resources as the state trial will generate material including trial transcripts and exhibits that may limit the need for some civil discovery. Staying discovery as to all parties will promote efficiency and will not ultimately delay adjudication of the present case because civil discovery will likely at least be stayed as against Pessoa due to the implication of his Fifth Amendment rights. *D.R. v. Bigda*, No. 3:20-CV-30085-MGM, 2021 WL 1080244, at *1–2 (D. Mass. Mar. 18, 2021) (staying discovery for a defendant where there was a complete overlap in the facts that formed the basis of the parallel criminal and civil proceedings), citing *Green v. Cosby*, 177 F. Supp. 3d 673, 676 (D. Mass. 2016); *Watson v. MBTA et al.*, 1:21-cv-11147-FDA (staying civil case against police officers until resolution of underlying criminal cases.) Therefore, civil discovery cannot conclude until after the resolution of Pessoa's criminal trial. Finally, the outcome of the criminal proceeding may have a substantial impact on this civil case, including on potential resolution and issues of indemnification.

## II.     PROPOSED DISCOVERY PLAN AND MOTION SCHEDULE

Should, however, the Court deny the parties' request to continue the stay of civil discovery, the parties submit the following proposed schedule.[1]

    A.     **Initial Disclosures:** The parties will make initial disclosures as required by Fed. R. Civ. P. 26 (a) (1) by November 1, 2022.

---

[1] For his part, Pessoa requests that all discovery and pleadings be stayed against him until after the resolution of his criminal trial. Such a stay is necessary to preserve his Fifth Amendment rights against self-incrimination because there is a complete overlap in the allegations and facts of the parallel criminal and civil cases. See Document 19.

B.  **Amendments to the Pleadings:** Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after December 1, 2022.

C.  **Fact Discovery Deadlines:**

   1.  Initial written discovery requests, except for requests for admissions to be served by February 1, 2023.

   2.  Depositions of all fact witnesses must be completed by May 1, 2023.

D.  **Status Conference:** At the conclusion of fact discovery, the parties request that the Court hold a status conference to address whether the parties intend to use expert witnesses under Rule 26(a)(2) and/or file dispositive motions under Rule 56. The conference will be scheduled on a date and time convenient for the Court.

Respectfully submitted,

The Plaintiff,
David LaFrance,
By his attorney,

*/s/ Carl J. Ricci*
Carl J. Ricci, BBO# 668318
The Law Offices of Carl J. Ricci, Inc.
24 South Angell Street
Providence, RI 02906
(401) 743-5444
carl@criccilaw.com

The Defendant,
City of Fall River,
By its attorneys,

*/Andrew Gambaccini*
Andrew Gambaccini, BBO# 654690
Reardon, Joyce & Akerson, P.C.
4 Lancaster Terrace
Worcester, MA 01609
(508) 754-7285
agambaccini@rja-law.com

3

        The Defendants,
        Andre DeMelo, Sean Aguiar, and Thomas Roberts,
        By their attorneys,

        */s/ David Sullivan*
        David Sullivan, BBO# 555566
        Darrow Everett LLP
        10 North Main Street, 3rd Floor
        Fall River, MA 02720
        (508) 675-1576, ext. 270
        dsullivan@darroweverett.com

        The Defendant,
        Michael Pessoa,
        By his attorney,

        */s/ Thomas R. Donohue*
        Thomas R. Donohue, BBO# 643483
        Brody, Hardoon, Perkins & Kesten, LLP
        699 Boylston Street, 12th Floor
        Boston, MA 02116
        (617) 880-7100
        tdonohue@bhpklaw.com

DATED: October 6, 2022

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent this day to those participants indicated as non-registered participants.

        */s/ Thomas R. Donohue*
        Thomas R. Donohue, BBO# 643483

DATED: October 6, 2022